STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF
THE NEBRASKA SUPREME COURT, RELATOR, V.
EUGENE J. HYNES, RESPONDENT.

631 N.W.2d 499

Filed July 27, 2001.   No. S-01-266.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

The Counsel for Discipline of the Nebraska Supreme Court charged respondent, Eugene J. Hynes, on March 6, 2001, with violating his oath of office as an attorney, Neb. Rev. Stat.

§ 7-104 (Reissue 1997), and the following provisions of the Code of Professional Responsibility, Canon 1, DR 1-102(A)(1); Canon 6, DR 6-101(A)(3); and Canon 9, DR 9-102(B), which provide as follows:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

DR 6-101 Failing to Act Competently.

(A) A lawyer shall not:

. . . .

(3) Neglect a legal matter entrusted to him or her.

. . . .

DR 9-102 Preserving Identity of Funds and Property of a Client.

. . . .

(B) A lawyer shall:

. . . .

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

Respondent was duly admitted to the practice of law in the State of Nebraska on June 25, 1971. At all times relevant to these proceedings, respondent was engaged in the practice of law in Oshkosh, Nebraska.

On March 27, 2000, the Counsel for Discipline received a complaint regarding respondent's neglect of a client's case and failure to refund a portion of the fees. On February 8, 2001, a complaint was filed against respondent with the Committee on Inquiry of the Sixth Disciplinary District, and on March 1, the committee informed the Counsel for Discipline that it had determined that formal charges should be filed with this court. On March 6, the Counsel for Discipline filed formal charges with this court, alleging that respondent had neglected a legal matter entrusted to him and had failed to return the unused portion of the client's retainer until after a complaint had been filed against him.

Respondent filed a conditional admission of charges with this court on June 13, 2001, pursuant to Neb. Ct. R. of Discipline

13(B) (rev. 2001). In the conditional admission, respondent admits the facts alleged in the formal charges and admits that his acts constitute a violation of his oath of office as an attorney and DR 1-102(A)(1), DR 6-101(A)(3), and DR 9-102(B). Respondent made such admissions conditioned upon receipt of the following imposition of discipline:

A 30-day suspension from the practice of law, public reprimand, probation for one year with monitoring, and costs taxed to respondent. Said 30-day suspension to begin on August 1, 2001. Respondent's license to practice law shall automatically be reinstated at the end of the 30-day suspension provided respondent has complied with Disciplinary Rule 16, and provided that the Counsel for Discipline has not notified the Court that respondent has violated any Disciplinary Rule during said suspension. The one year probation shall begin immediately after the 30-day suspension. At the conclusion of the term of probation, the monitoring lawyer shall notify the Court of respondent's successful completion thereof.

The probation shall include the monitoring of respondent by Paul Hofmeister, an attorney member of the District Six Committee on Inquiry. Paul Hofmeister shall not be compensated for his monitoring duties; however, he shall be reimbursed by respondent for actual expenses incurred. During the one year probationary period respondent shall provide the monitor, at least monthly, a list of all cases for which respondent is then responsible.

The names of respondent's clients shall be kept confidential by way of a number assigned to each case. The list of cases shall include the following for each case:

1. Date attorney-client relationship began[.]

2. General type of case (i.e. divorce, adoption, probate, contract, real estate, civil litigation, criminal, tax return preparation). For tax return preparation cases, respondent need only provide the date the return is due.

3. Date of last contact with client.

4. Last type and date of work completed on file (pleading, correspondence, document preparation, discovery, court hearing).

5. Next type and date of work that should be completed on case.

6. Any applicable statute of limitation and its date.

The monitor shall have the right to contact respondent with any questions the monitor may have regarding the list. If at any time the monitor believes respondent has violated a disciplinary rule or has failed to comply with the terms of probation, he shall report the same to the Counsel for Discipline.

Attached to the conditional admission was the agreement of Paul Hofmeister to serve as probation monitor for respondent. In addition, the conditional admission contained the signed statement of the Counsel for Discipline indicating his determination that the requested 30-day suspension from the practice of law, public reprimand, and probationary period of 1 year with monitoring were appropriate under the facts of the case.

Based on the conditional admission of respondent and the recommendation of the Counsel for Discipline, the court finds by clear and convincing evidence that respondent has violated his oath of office and DR 1-102(A)(1), DR 6-101(A)(3), and DR 9-102(B), and that respondent should be publicly reprimanded, suspended from the practice of law for 30 days beginning August 1, 2001, and subject to probation with monitoring as outlined above for 1 year immediately following the 30-day suspension. Thus, respondent is hereby publicly reprimanded for conduct in violation of the Code of Professional Responsibility and his oath of office as a member of the Nebraska State Bar Association and is hereby suspended from the practice of law for 30 days beginning August 1, 2001, and ordered to be subject to probation with monitoring as outlined above for 1 year immediately following the 30-day suspension. Respondent's license to practice law shall automatically be reinstated at the end of the 30-day suspension provided respondent has complied with Neb. Ct. R. of Discipline 16 (rev. 2001) and provided that the Counsel for Discipline has not notified this court that respondent has violated any disciplinary rule during said suspension. Pursuant to Neb. Ct. R. of Discipline 23(B) (rev. 2001), costs and expenses are taxed to respondent.

JUDGMENT OF REPRIMAND, SUSPENSION, AND PROBATION.